**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JE'JAE CLEO DANIELS,

Plaintiff,

-*against*-
THE NEW YORK PUBLIC LIBRARY, ASTOR,
LENOX, AND TILDEN FOUNDATIONS ("NYPL"),

Defendant.

------------------------------------------------------------------X

Docket No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, JE'JAE CLEO DANIELS, by their attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant THE NEW YORK PUBLIC LIBRARY, ASTOR, LENOX, AND TILDEN FOUNDATIONS (hereafter "NYPL"), upon information and belief, as follows:

<u>**NATURE OF THE CHARGE**</u>

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the <u>New York State Human Rights Law</u>, New York State Executive Law §§ 296, <u>et</u>. <u>seq</u>. ("NYSHRL") and the <u>New York City Human Rights Law</u>, <u>New York City Administrative Code</u> § 8-107, et seq. ("NYCHRL). Plaintiff seeks damages to redress the injuries they suffered as a result of being <u>discriminated against by Defendant NYPL, subjected to a hostile work environment, and retaliated against on the basis of their sex, gender and disabilities (fibromyalgia and depression)</u>.

<u>**JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES**</u>

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

1

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York, or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with the New York State Division of Human Rights and cross-filed with the Equal Employment Opportunity Commission ("EEOC"); (b) receiving a Notice of Right to Sue from the EEOC on September 2, 2021; and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

6. At all times relevant hereto, Plaintiff DANIELS has been a resident of the State of New York and Richmond County.

7. Plaintiff DANIELS identifies as a non-binary and queer.

8. Plaintiff DANIELS is a person with disabilities.

9. At all times relevant hereto, NYPL was and is a domestic not-for-profit corporation duly existing pursuant to, and by virtue of, the laws of the State of New York. NYPL maintains a principal place of business located at 476 Fifth Avenue, New York, NY 10018.

10. Upon information and belief, NYPL employs over 15 individuals on a full-time or full-time equivalent basis and thus is subject to all statutes upon which Plaintiff DANIELS is proceeding herein.

11. At all times relevant hereto, Plaintiff DANIELS was an employee of Defendant NYPL.

## FACTUAL ALLEGATIONS

12. Plaintiff DANIELS was initially hired by Defendant NYPL on October 28, 2019, as a library information assistant.

13. Plaintiff DANIELS began at Defendant NYPL earning an annual gross salary of approximately $36,000.00 in 2020 as well as benefits.

14. Throughout their employment with Defendant, Plaintiff DANIELS's work was severely encumbered by the hostile work environment generated by Defendant NYPL, solely because Plaintiff DANIELS is a disabled transgender person.

15. Within the first month of their employment, Plaintiff informed their supervisor, managing librarian Robert Gibbs ("Mr. Gibbs"), that they suffered fibromyalgia and depression and would be unable to lift over twenty pounds.

16. Fibromyalgia and Depression are both recognized as disabilities under all applicable statutes because these conditions impair the major life activities of caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, learning, and working.

17. Plaintiff's request was initially ignored.

18. By approximately December 2019, Plaintiff began becoming a target for transphobic bullying, including multiple, repeated, intentional, and cruel acts of misgendering that disregarded Plaintiff's gender identity.

19. Stefanie, last name unknown, a security guard at Plaintiff's location, began approaching Plaintiff routinely to ask, "when are you getting surgery" and asking them about their sexual activities. Plaintiff was shocked and mortified by these comments.

20. Plaintiff was also frequently targeted for harassment by NYPL customers, who would frequently verbally abuse Plaintiff for being transgender.

21. When Plaintiff complained to her supervisor Mr. Gibbs about the treatment she was facing from Stefanie and customers, he responded that staff can't "tell them what to say," and allowed the transphobic harassment to continue unabated. When Plaintiff would complain about the continuing harassment, Mr. Gibbs would simply dismiss it.

22. Plaintiff also began to experience repeated and intentional misgendering what Mr. Gibbs and other coworkers. Although Plaintiff informed their coworkers that they would respond to "they" and "she/her" pronouns, their coworkers routinely ignored them. When Plaintiff repeatedly corrected their supervisor, Mr. Gibbs would simply respond that "you make it complicated."

23. Another coworker, Vanessa Pender, would frequently misgender Plaintiff and, when corrected, would tell Plaintiff that "I can call you whatever I please." Plaintiff was shocked and mortified by this conduct.

24. In the midst of this treatment, Plaintiff frequently complained, approximately each month, to their supervisor and NYPL about the transphobic conduct of her coworkers and her need of accommodation for their disabilities. Defendant never made any effort to remedy the hostile work environment or meaningfully correct any transphobic conduct. Instead, Plaintiff was informed that a "gender-inclusive training" would be conducted.

25. No such training was ever conducted in Plaintiff's department during Plaintiff's employment.

26. In mid-2020, months after first raising their need for disability accommodations with their superior, Plaintiff spoke with a human resources representative, concerning accommodations for their disabilities. Ultimately, Plaintiff was told they would receive some accommodations, including breaks, a two to three limit of time sitting at the circulation desk, and would receive a backrest.

27. Plaintiff never received the backrest they were promised.

28. In retaliation for making consistent complaints concerning their gender identity and requesting accommodations, Plaintiff began experiencing increased scrutiny on the job far beyond their peers.

29. In December 2020, this culminated in a negative performance review where Plaintiff was accused of being a "poor communicator." Plaintiff was placed on probation; despite the fact they had never been written up before.

4

30. This probation period was exceptionally short-lived and was merely an attempt to launder Defendant's intent to unlawfully terminate Plaintiff; Plaintiff was fired weeks later, on January 15, 2021.

51. Plaintiff DANIELS has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffered loss of rights, emotional distress, loss of income and earnings.

52. Defendant's actions and conduct were intentional for the purpose of harming Plaintiff DANIELS.

53. As a result of Defendant's actions, Plaintiff DANIELS feels extremely degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of the acts and conduct complained of herein, Plaintiff DANIELS has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff DANIELS has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff DANIELS further experienced severe emotional and physical distress.

55. Because Defendant's conduct has been malicious, willful, outrageous, and done with full knowledge of the legion of law to the contrary, Plaintiff DANIELS demands punitive damages as against Defendant.

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendant. Plaintiff complains of Corporate

Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

58. Corporate Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of their gender.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

61. Defendant violated this section as set forth herein.

## THIRD CAUSE OF ACTION
## DISCRIMINATION AND RETALIATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

62. Plaintiff DANIELS repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

63. The New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. Defendant engaged in an unlawful employment practice in violation of the New York State

Executive Law § 296(1)(a) by disciplining Plaintiff DANIELS due to their gender and disability.

## FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## NYC HUMAN RIGHTS LAW

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. The <u>New York City Administrative Code</u> § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. As a result of Defendant's actions, Plaintiff was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

68. Defendant had no good faith business justification for the actions against Plaintiff as described herein.

69. As a result of the acts and conduct complained of herein, Plaintiff has suffered special damages, inconvenience, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering and other non-pecuniary losses.

70. Defendant's conduct was malicious, willful and conducted with full knowledge of the law.

71. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## FIFTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL")

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

74. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

75. Defendant engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

76. Defendant had no valid business justification for the retaliatory and abusive actions taken against Plaintiff.

77. Defendant placed Plaintiff in an awkward, hostile and uncomfortable employment position as the victim of discrimination.

78. As a result of Defendant's actions, Plaintiff was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

79. As a result of the acts and conduct complained of herein, Plaintiff has suffered special damages, inconvenience, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering and other non-pecuniary losses.

80. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

81. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## **JURY DEMAND**

82. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff DANIELS respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices and enjoining

Defendant from continuing to engage in, unlawful employment practices prohibited by Title VII, the NYCHRL, the New York State Human Rights Law, the New York State Executive Law, §§ 296, et. seq.

B. Awarding damages to Plaintiff DANIELS for all lost wages and benefits resulting from Defendant's unlawful retaliation and to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff DANIELS compensatory damages for mental, emotional, and physical injuries, distress, pain and suffering and injury to their reputation in an amount to be proven at trial;

D. Awarding Plaintiff DANIELS liquidated damages;

E. Awarding Plaintiff DANIELS punitive damages;

F. Awarding Plaintiff DANIELS attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff DANIELS such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
December 1, 2021

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By:   /s/ Shawn Clark
Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431

# EXHIBIT A

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Je'Jae C. Daniels<br>C/O Phillips & Associates<br>45 Broadway, Ste. 430<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-04168** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(929) 506-5313** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Gwendolyn D. Hoy   Digitally signed by Gwendolyn D.
Hoy
Date: 2021.09.02 19:22:53 -04'00'   *For*

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:   **Bridget Smith**
**Respondent Legal Counsel**
**NEW YORK PUBLIC LIBRARY**
**476 Fifth Ave**
**New York, NY 10018**

**Shawn R. Clark, Esq.**
**PHILLIPS & ASSOCIATES**
**45 Broadway,**
**Suite 430,**
**New York, NY 10006**